## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANTHONY FITZGERALD BAKER,

                Petitioner,                      Case Number: 04-74310

v.                                        HONORABLE PAUL D. BORMAN

SHERRY BURT,

                Respondent.

_____/

## OPINION AND ORDER DENYING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE

Petitioner Anthony Fitzgerald Baker has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Southern Michigan Correctional Facility in Jackson, Michigan, challenges his convictions for two counts of armed robbery and felony firearm. Respondent has filed a Motion for Summary Judgment on the ground that the claims are procedurally defaulted.

## I.

Petitioner pleaded guilty in Saginaw County Circuit Court to two counts of armed robbery and pleaded no contest to felony firearm. On February 14, 2001, he was sentenced to eight to twenty-five years imprisonment for the armed robbery convictions, to be served consecutively to a term of two years imprisonment for the felony-firearm conviction.

Petitioner did not file an application for leave to appeal to the Michigan Court of Appeals.  On January 22, 2003, Petitioner filed a motion for relief from judgment in the trial court, presenting the following claims:

I.      Whether defendant was denied effective assistance of counsel?

II.     Whether Defendant's sentence violated the "Principal [sic] of Proportionality" since the trial judge abused his discretion when he failed to consider defendant's background and mitigating factors?

The trial court denied the motion for relief from judgment.  People v. Baker, No. 018924 (Saginaw County Circuit Court Feb. 10, 2003).

Petitioner filed a delayed application for leave to appeal in the Michigan Court of Appeals, presenting the following claims:

I.      Whether defendant was denied the effective assistance of trial counsel where his attorney failed to inform the trial court of the defendant's one conviction.

II.     Where defendant's sentence violated the "principle of proportionality" since the trial judge abused its discretion when he failed to consider defendant's background and mitigating factors.

The Michigan Court of Appeals denied leave to appeal.  People v. Baker, No. 247404 (Mich. Ct. App. May 27, 2003).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court, raising the following issues:

I.      The defendant was denied effective assistance of trial counsel where his attorney failed to inform the trial court of defendant's lack of criminal history at sentencing.

II.     Defendant's sentence violated the "principle of proportionality" since the

trial court abused its discretion when it failed to consider defendant's
background and mitigating factors.

The Michigan Supreme Court denied leave to appeal. <u>People v. Baker</u>, No.
124127 (Mich. Oct. 31, 2003).

Petitioner then filed the pending petition for a writ of habeas corpus, presenting the
following claims:

I.      Petitioner's sentence is invalid as a matter of constitutional [law] because
        factors were used [to which] he had not pled guilty.

II.     Petitioner has been denied due process and equal protection of the law
        because of his indigency.

## II.

Respondent has filed a motion for summary judgment on the ground that the
claims contained in the pending petition are procedurally defaulted.  Respondent
maintains that the habeas claims are unexhausted and that no avenue remains for
exhaustion of state court remedies.  He further argues that Petitioner has failed to
establish cause and prejudice for his failure to exhaust his claims in state court, and that
summary judgment, therefore, should be granted.

A prisoner challenging his confinement by way of a habeas corpus petition must
exhaust his state court remedies prior to seeking federal habeas corpus relief by fairly
presenting the substance of each federal constitutional claim in state court.  28 U.S.C. §
2254(b); <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Wong v. Money</u>, 142 F.3d
313, 322 (6th Cir. 1998).  A prisoner "'fairly presents' her claim to the state courts by

citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." Levine v. Torvik, 986 F.2d 1506, 1516 (6th Cir. 1993); *see also* Prather v. Reese, 822 F.2d 1418, 1420 (holding that "[o]rdinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations"). State prisoners in Michigan must raise each claim in the Michigan Court of Appeals *and* in the Michigan Supreme Court before seeking federal habeas corpus relief. *See* Manning v. Alexander, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of showing that state court remedies have been exhausted. Prather, 822 F.2d at 1420, n.3.

Petitioner has failed to present his habeas claims to any state court. These claims are therefore unexhausted. Respondent argues that no remedy remains available to Petitioner to exhaust his claims in state court because Petitioner already has filed one motion for relief from judgment and, pursuant to M.C.R. 6.502(G), he may not file a successive motion. However, M.C.R. 6.502(G) allows a defendant to file a successive motion for relief from judgment where the motion is based upon a "retroactive change in law that occurred after the first motion for relief from judgment . . ." M.C.R. 6.502(G). At least one of Petitioner's claims rests on the argument that his right to counsel was violated because legal counsel was not appointed to seek discretionary review in the Court of Appeals of his plea-based convictions. The Supreme Court recently held that Michigan's practice of not appointing counsel for first-level appellate review to indigent defendants who plead *nolo contendere* or guilty is unconstitutional. Halbert v. Michigan,

4

125 S. Ct. 2582 (2005). Michigan courts have not yet decided whether <u>Halbert</u> will be applied retroactively to motions brought under M.C.R. 6.502(G). *See* <u>People v. Houlihan</u>, 474 Mich. 958 (Mich. 2005). Thus, Petitioner may have an avenue for review available in state court under M.C.R. 6.502(G), and a federal court should afford state courts an "opportunity to pass on defendant's claims of constitutional violations" before considering whether habeas relief is appropriate. <u>Prather</u>, 822 F.2d at 1420.

Because Petitioner has not exhausted his state court remedies and an avenue for review of those remedies may be available to him in state court, the Court shall deny the motion for summary judgment and dismiss the petition without prejudice.

Where a petition contains both exhausted and unexhausted claims, the Sixth Circuit Court of Appeals has advised that it is preferable for a district court to dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion. <u>Griffin v. Rogers</u>, 308 F.3d 647, 652, n.1 (6th Cir. 2002). *See also* <u>Palmer v. Carlton</u>, 276 F.3d 777, 781 (6th Cir. 2002) (finding "eminently reasonable" district court's holding dismissing unexhausted claims in habeas petition and staying proceedings on the remaining claims pending exhaustion of state court remedies). The Sixth Circuit Court of Appeals also has approved a district court's dismissal of a mixed petition where the district court's order of dismissal provided safeguards such that the dismissal would not jeopardize the timeliness of a future habeas petition. <u>Hargrove v. Brigano</u>, 300 F.3d 717, 719-721 (6th Cir. 2002).

In this case, the petition contains no exhausted claims over which the court may

retain jurisdiction.  Thus, the Court finds the most reasonable approach to be a dismissal without prejudice so that Petitioner may pursue exhaustion of his state court remedies. The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'"  Palmer, 276 F.3d at 781, *quoting* Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001).  The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in Hargrove.  The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, October 28, 2004, until Petitioner returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this Court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies."  Hargrove, 300 F.3d at 718.

### III.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **DENIED**.

**IT IS FURTHER ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from October 28, 2004, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of

6

exhausting state court remedies.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: March 20, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on March 20, 2006.


s/Jonie Parker
Case Manager

7